### UNION DISTILLING CO. *v.* RUSER.

(*Supreme Court, General Term, First Department.* June 12, 1891.)

ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.

An affidavit for an attachment, made by a clerk in defendant's store, alleged that defendant's attorney in fact (defendant being absent on account of illness) offered to sell the stock of goods to affiant for less than its actual value, if paid for in cash, and called affiant a fool when he (affiant) said that it looked like fraud; that defendant's wife, by the direction of the attorney in fact, drew all the money in bank, and took all the receipts of the business, but refused to pay any bills, saying that she had no money. *Held,* that the affidavit was sufficient.

Appeal from special term, New York county.

Action by the Union Distilling Company against Henry Ruser to recover moneys due for goods sold and delivered by plaintiff to defendant. An attachment was granted on the ground that defendant was trying to dispose of his property with the intention of defrauding his creditors. It was based principally on the following affidavit of one Carl Sparr, a clerk in the store of the defendant: "Carl Sparr, being duly sworn, says that he is acquainted with the defendant above named, and has been a clerk in his store at No. 824 Third avenue, in the city of New York, for several years; that said defendant has been ill for some time past, and is now residing in Denver, in the state of Colorado; that defendant's representative in this city, Ludwig Ruser, a brother of said defendant, who has a power of attorney from defendant to transact all business, came to deponent about April 10, 1891, and asked him to purchase all the stock and good-will of defendant's business, offering to sell the same for $1,300, much less than its real value, provided deponent would get the money at once and close the transaction; that deponent and said Ruser knew that several bills were shortly coming due, and deponent

told said Ruser that such a transaction would look like a fraud on the creditors, whereupon said Ruser called deponent a fool, and told him that he didn't. know anything; that he should go home and get the money from his [deponent's] wife, without any delay; but deponent believed that there was an attempt to swindle the creditors, and said he feared trouble, but would take the stock and business, provided the creditors were notified and consented, which offer Ruser declined; that defendant's wife, who is also in said store, was directed to draw all the money from the bank by said Ruser, and not to. leave any money in the safe on said premises; that defendant's said wife has since carried all the receipts of said business about her person; that on or about the 11th inst. a collector from Park & Tilford's called at said store to collect a bill due to said firm from defendant, and, although defendant's wife had a: considerable amount of money in her possession, she told said collector that she had no money; finally, after she had persisted for some time, she paid him twenty-five dollars on account of his bill, remarking in the hearing of defendant, as the said collector left the store that that was the last payment he would ever get; that many incidents lately occurring in said store, and in the management of the business, have convinced deponent that the defendant has determined not to return to New York, and to dispose of his stock and business with intent to defraud his creditors." Defendant moved to set aside the attachment on the ground that the papers on which it was granted were insufficient, for the reason that the affidavit did not state the sources of the knowledge of facts sworn to by the deponent, Sparr. This motion was. denied, and defendant appeals.

Argued before BARRETT and PATTERSON, JJ.

*Ludwig Ruser*, for appellant.   *Samuel E. Duffey*, for respondent.

PATTERSON, J.   The motion to vacate the attachment was based on the papers upon which the warrant was granted, and the single question presented on this appeal relates to the sufficiency of the proof before the learned justice by whom the attachment was issued.   The general ground upon which the writ was allowed was that the defendant had disposed, or was about to dispose, of his property with intent to defraud his creditors; and an inspection of the affidavit used on the application shows that facts sufficient to, support it were distinctly stated, and by an affiant who, from his relation to the defendant and his opportunities of knowing the facts to which he deposed, was competent to swear to them as within his personal knowledge. That affiant (Sparr) was a clerk in the employ of the defendant, who, being in ill health, went to Colorado, leaving a power of attorney with his brother to, transact all business.   That brother asked Sparr to purchase the business, offering to sell it at much less than its real value if payment were made at once.   Sparr told the defendant's brother that the proposal had the appearance of a fraud upon the defendant's creditors, and was reproached for his. simplicity, and told to go home and get the money, but declined to do so unless the defendant's creditors were notified and consented, but the attorney in fact of the defendant declined to do that.   Thus it appears that the defendant, through his attorney in fact, was attempting in haste to realize money on the defendant's business, but this by itself may not be sufficient to make out a *prima facie* case.   But the affidavit further proceeds to disclose facts. showing concealments of money of the defendant.   The affiant swears, as. within his own knowledge, that the defendant's wife was directed to draw all money from bank, and not to leave any of it in the safe on the premises on which the defendant's business was carried on; that the defendant's wife has. since then kept all the receipts of the business about her person; and that, while having large amounts of money, she has told creditors applying for payment of claims that she had none, and, finally, on paying a trivial amount on account of a bill, she declared in the hearing of the affiant it was the last.

payment that creditor would ever get. These facts, thus sworn to by a person cognizant of them, were sufficient to authorize the judge to exercise his judgment as he did exercise it, and the order must be affirmed, with costs.